UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINDWARD BORA LLC

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

JOHN SOTOMAYOR; ALEXANDRA LOAIZA et al

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

19 ___ Civ. 04503 ___ (___) (___)

**ANSWER**

RECEIVED
PRO SE OFFICE
2019 JUN 28  AM 11: 54
S.D. OF N.Y.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-28-19

**I**

**ADMISSIONS AND DENIALS**

*In this section, state which factual allegations in the complaint you admit to and which factual allegations you deny. You should refer to the complaint paragraph by paragraph (and sentence by sentence within each paragraph), in the same order as the paragraphs and sentences appear in the complaint. Attach additional sheets of papers as necessary.*

1. Please find attached all admissions and denials for the above case.  Thank you. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

*Rev. 05/2007*                                    1

## II
### DEFENSES

*In this section, state any legal theories that, even assuming that what plaintiff has alleged in the complaint is true, do not permit the plaintiff to win the case. Attach additional sheets of paper as necessary.*

FIRST DEFENSE:

Please find attached all admissions and denials for the above case. Thank you.

SECOND DEFENSE:

THIRD DEFENSE:

**WHEREFORE** defendant asks this Court to dismiss the complaint and enter judgment in favor of defendant.

*[If you have any counterclaim against the plaintiff that arises out of the same events or transactions stated in the complaint, and/or any crossclaims against the other defendants that arise out of the same events or transactions stated in this complaint, and/or any third-party claims you have against third-parties (that is, someone not already named in the lawsuit) that arise out of the same events or transactions stated in the complaint, you should attach additional sheets of paper to set forth the facts and bases for any such claims. See the Pro Se Manual for a further explanation.]*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 26 day of June , 20 19 .

Signature of Defendant _____

Address          2359 Maple Ave _____

Cortlandt Manor NY _____

10567 _____

Telephone Number    914-739-2781 _____

Fax Number (if you have one) _____

Case # 19-cv-4503

June 26, 2019

John Sotomayor

**Jurisdiction and Venue**

Presently there is a case in the Supreme Court of Westchester case number 56555/2019.  Attorneys for the plaintiff are aware as they have filed counterclaims to the case mentioned.  This case involves the same property, 2359 Maple Ave. Cortlandt Manor NY 10567 and the same defendants.  The plaintiff in that case is also between citizens of different states.  Venue for this Case should be sent to Westchester County and dismissed.

The defendants John Sotomayor and Alexandra Loaiza did in fact sign and execute a <u>Second Mortgage</u>.  The information about this mortgage is a second mortgage.  It was originally with Wells Fargo and purchased by Partners for Payment Relief **May 24, 2010**.  This is where it completely goes off and no one has ever spoken to us about this.  **<u>I firmly believe this Second Mortgage originally opened up with Wells Fargo January 19, 2007 has fallen under the NYS Statute of Limitations</u>**.

The last payment on this mortgage was made sometime in 2009 to Wells Fargo.  Not as indicated on page 4 number 18.  The original default occurred over 10 years ago.  I have tried in the past 10 years to gather information from anyone who would talk to me about my second mortgage.  No one has given me much information.  Partners for Payment Relief is a LLC operated by Dreambuilders.  At the time they were listed as a firm that purchases non-performing mortgages and flipping them for profit.  In speaking with them they offered some options.  None that worked to try and keep our home from losing it.  They actually called multiple times informing us to leave the keys in the mailbox and leave.  One day my 75 year old mother was watching my 2 year old son and the doorbell rang.  It was a member of Dreambuilders making sure the house was not abandoned.  A car was in the driveway, lights were on and people were talking.  I asked them about everything that occurred above and they never answered me.  Partners for Payment Relief was the last firm to speak with me in early 2014.  They filed a foreclosure in the Supreme Court of Westchester County.  Prior to this date Partners for Payment relief requested full payment of the loan for over 3 years.  They began asking for full payment in 2010.  I could not pay the full amount.  I continually asked for a hamp at the time.  I was continually denied as they do not work with hamps they wanted to property or full payment of the loan.  The foreclosure seemed to be abandoned by partners for payment relief.  After this I never heard from a new service provider until this lawyer contacted us thru a lawsuit.  The house is severely under water and Its value has been inflated by the new mortgage service provider on our first loan which I am also fighting with in court.

I ask that this case be dismissed as they have no grounds to file a foreclosure and the Statute of Limitations be applied to the Second Loan owned by Windward Bora LLC.

I am enclosing/attaching the cases presently in the Supreme Court of the State of NY County of Westchester.

Upon careful review of the attached cases you will see the attorney for the Plaintiff indicate several statements.  2 law firms have rejected the claims and counter claims brought forward by the Plaintiff's Attorneys.  I am not mentioning this. I am including this as a basis for the dismissal of the case and the application of the Statute of limitations on the debt.

Thank you

John Sotomayor

2359 Maple Ave.

Cortlandt Manor NY 10567

Case 7:19-cv-04503-CS   Document 52   Filed 06/28/19   Page 5 of 37

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY,        REPLY TO COUNTERCLAIMS
FSB, D/B/A CHRISTIANA TRUST, NOT
INDIVIDUALLY BUT AS TRUSTEE FOR
HILLDALE TRUST

          Plaintiff,

  vs

JOHN SOTOMAYOR, ALEXANDRIA              INDEX #: 56555/2019
LOAIZA, SMR 1 LLC, UNITED STATES OF
AMERICA ACTING THROUGH THE IRS          MORTGAGED PREMISES:
                                        2359 MAPLE AVENUE
JOHN DOE (Those unknown tenants, occupants,   CORTLANDT MANOR, NY 10567
persons or corporations or their heirs,
distributees, executors, administrators, trustees,   SBL #: 45.10 - 3 - 5
guardians, assignees, creditors or successors
claiming an interest in the mortgaged premises.)

         Defendant(s).
-------------------------------------------------------------------X

       WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT

INDIVIDUALLY BUT AS TRUSTEE FOR HILLDALE TRUST (hereinafter, "Plaintiff"), by and

through its attorneys, Gross Polowy, LLC, submits this Verified Reply in response to the "Amended

Answer with Counterclaims," dated May 13, 2019 (hereinafter, the "Answer") submitted by defendant

WINDWARD BORA, LLC, successor in interest to SMR 1, LLC (hereinafter, "Defendant"), and states

as follows:

## FOR A RESPONSE TO DEFENDANT'S FIRST THROUGH TWENTY-FIRST AFFIRMATIVE
## DEFENSES[1]

1.      The allegations contained in Paragraphs "1" through "50" of the Answer contain only affirmative

defenses to which no response is required; but, to the extent a response is required, Plaintiff denies the

allegations contained in Paragraphs "1" through "50" of the Answer.

---

[1] Paragraphs "1" through "50" of the Answer contain Defendant's response to Plaintiff's Complaint, to which no response is required

FILED: WESTCHESTER COUNTY CLERK 05/30/2019 02:58 PM   INDEX NO. 56555/2019
NYSCEF DOC. NO. 15                                                    RECEIVED NYSCEF: 05/30/2019

### FOR A RESPONSE TO DEFENDANT'S FIRST COUNTERCLAIM

2.      Plaintiff denies the allegations contained in Paragraphs "51" through "56" of the Answer and further denies that Defendant is entitled to the relief requested in Paragraph "56" of the Answer.

### FOR A RESPONSE TO DEFENDANT'S SECOND COUNTERCLAIM

3.      Plaintiff denies the allegations contained in Paragraphs "57" through "66" of the Answer and further denies that Defendant is entitled to the relief requested in Paragraph "66" of the Answer.

### FOR A RESPONSE TO DEFENDANT'S THIRD COUNTERCLAIM

4.      Plaintiff denies the allegations contained in Paragraphs "67" through "74" of the Answer and further denies that Defendant is entitled to the relief requested in Paragraph "74" of the Answer.

### FOR A RESPONSE TO DEFENDANT'S FOURTH COUNTERCLAIM

5.      Plaintiff denies the allegations contained in Paragraphs "75" through "77" of the Answer and further denies that Defendant is entitled to the relief requested in Paragraph "76-77" of the Answer.

### GENERAL DENIAL

6.      Plaintiff denies any and all allegations not specified above.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

7.      Defendant(s) Amended Answer with Counterclaims fails to state a legally cognizable claim or cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

8.      Defendant(s) failed to join parties necessary to this action and/or the relief sought by the Plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

9.      Defendant(s) claims and causes of action are barred, in whole or in part, by the doctrines of estoppel, laches and waiver.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

10.     The Plaintiff possesses a defense founded upon documentary evidence.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

11.     The Plaintiff possesses a defense founded upon the doctrine of subrogation.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

12.     Defendant(s) claims and causes of action are barred, in whole or in part, by the parol evidence rule.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

13.     Defendant(s) claims and causes of action are barred, in whole or in part, by the doctrine of unjust enrichment.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

14.     Defendant(s) claims and causes of action are barred, in whole or in part, by the doctrine of ratification.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

15.     Defendant(s) claims and causes of action are barred, in whole or in part, by the doctrine of unclean hands.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

16.     Defendant(s) failed to mitigate any damages Defendants may have incurred.

AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

17.     Defendant(s) has not alleged or sustained any actual damages that were caused by the Plaintiff, or for which the Plaintiff is, or could be, legally responsible.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

18.   The Plaintiff denies any liability; however, if it is liable, any actual damages that the Defendant(s) may have incurred is the result of actions and/or omissions of individuals and/or entities other than the Plaintiff, and for which the Plaintiff is not legally responsible.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

19.   Some or all of Defendant(s) claims and causes of action against the Plaintiff are barred, in whole or in part, by the voluntary payment doctrine.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

20.   Defendant(s) claims and causes of action are barred, in whole or in part, by the Statute of Frauds.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

21.   Defendant(s) claims are barred, in whole or in part, by the terms and conditions of the governing loan documents.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

22.   Defendant(s) claims and causes of action asserted against the Plaintiff do not constitute a justiciable case or controversy.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

23.   Defendant(s) claims and causes of action are barred due to res judicata and/or collateral estoppel.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

24.   Defendant(s) claims and causes of action are barred due to the lack of subject matter jurisdiction.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

25.   Defendant(s) claims and causes of action are barred due to State and Federal statute and/or

FILED: WESTCHESTER COUNTY CLERK 05/30/2019 02:58 PM
NYSCEF DOC. NO. 15

INDEX NO. 56555/2019

RECEIVED NYSCEF: 05/30/2019

capitulation.

AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

26.     Defendant(s) claims and causes of action are barred due to the expiration of the statute of limitations.

AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, PLAINTIFF ALLEGES AS FOLLOWS:

27.     Plaintiff hereby gives notice that it intends to rely upon any other and additional defenses that are now or may become available during or as a result of the discovery proceedings in this action, and hereby reserves its right to amend this Reply to assert such defenses.

WHEREFORE, in addition to the relief requested in Plaintiff's Complaint, Plaintiff respectfully requests that Defendant(s) Counterclaims and each and every cause of action and defense alleged therein be dismissed in their entirety, together with such other and further relief as the Court may deem just and proper.

DATED:     May 30 2019
           Williamsville, New York

Christine L. Fox, Esq.
Gross Polowy, LLC
Attorney for Plaintiff
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
716-650-3335

To:
Rani Harbani, Esq., Esq.
Harbani & Light, P.C.
Attorney for WINDWARD BORA, LLC
450 Seventh Ave. Suite 1408
New York, NY 10123

FILED: WESTCHESTER COUNTY CLERK 05/30/2019 02:58 PM
NYSCEF DOC. NO. 15
INDEX NO. 56555/2019
RECEIVED NYSCEF: 05/30/2019

## VERIFICATION

Christine L Fox, affirms as follows:

I am an attorney with the law firm of Gross Polowy, LLC, attorneys for Plaintiff, WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR HILLDALE TRUST, in the above-entitled action, with offices located in County of Erie, State of New York; that I have read the foregoing Verified Reply and know the contents thereof; that the same is true to my knowledge or the knowledge of my clients, except as to the matters stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

That the reason why this verification is made by deponent instead of the Plaintiff, is because the Plaintiff does not maintain offices within the County of Erie, which is the County where deponent has her office. Deponent further says that the grounds of her belief as to all matters in the Verified Reply not stated to be upon her knowledge are based upon a review of the file maintained by this firm for this matter.

By: _____

Christine L Fox, Esq.

FILED: WESTCHESTER COUNTY CLERK 05/30/2019 02:58 PM
INDEX NO. 56555/2019
NYSCEF DOC. NO. 15
RECEIVED NYSCEF: 05/30/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X

WILMINGTON SAVINGS FUND SOCIETY,
FSB, D/B/A CHRISTIANA TRUST, NOT
INDIVIDUALLY BUT AS TRUSTEE FOR
HILLDALE TRUST

          Plaintiff,

          **AFFIDAVIT OF SERVICE BY MAIL**

vs

JOHN SOTOMAYOR, ET AL

          Defendant(s).

INDEX #: 56555/2019

MORTGAGED PREMISES:
2359 MAPLE AVENUE
CORTLANDT MANOR, NY 10567

SBL #: 45.10 - 3 - 5

-----------------------------------------------------------------X

      Mckenzie Cappano, being duly sworn, deposes and states as follows:

      That deponent is an employee of Gross Polowy, LLC Attorney of record for the Plaintiff in the above captioned action. That deponent is not a party to this action. Deponent is over the age of 18 years.

      That on May 30, 2019, Deponent served a true copy of the Reply to Counterclaims on the Defendant(s) or the attorneys for the Defendants, whose names, representation, designated addresses and mode of service appear below.

      The foregoing statements are true, under penalty of perjury.

                    _Mckenzie Cappano_
                    Mckenzie Cappano
                    Legal Assistant

Sworn to before me this 30th day of May, 2019.

_Kimberly K. Dodson_
Kimberly K. Dodson
Notary Public

Kimberly K. Dodson
NOTARY PUBLIC STATE OF NEW YORK
Qualified in Erie County
Lic. #01DO6213703
My Commission Expires 3/29/20__

FILED: WESTCHESTER COUNTY CLERK 05/30/2019 02:58 PM INDEX NO. 56555/2019
NYSCEF DOC. NO. 15 RECEIVED NYSCEF: 05/30/2019

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT
INDIVIDUALLY BUT AS TRUSTEE FOR HILLDALE TRUST

vs.

John Sotomayor and Alexandria Loaiza, et al.

INDEX NO. : 56555/2019

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Name and Address of Party Served | Mode of Service |
|---|---|
| Rafi Hasbani, Esq. Attorney for Defendant SMR 1 LLC 450 Seventh Ave, Suite 1408 New York, NY 10123 | ☒ Regular mail via USPS ☐ Certified mail/RR ☐ E-mail ☐ Notice of Electronic Filing (NYSCEF) ☐ United Parcel Service ☐ FedEX |

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM   INDEX NO. 56555/2019
NYSCEF DOC. NO. 12                                    RECEIVED NYSCEF: 05/15/2019

SUPREME COURT OF THE STAT OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------------------------X

WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A     Index No.: 56555/19
CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS,
TRUSTEE FOR HILLDALE TRUST,

                              Plaintiff,                **AMENDED ANSWER**
                                              **WITH COUNTERCLAIMS**

    -against-

JOHN SOTOMAYOR; ALEXANDRIA LOAIZA, SMR I LLC;
UNITED STATES OF AMERICA ACTING THROUGH
THE IRS; "JOHN DOE" said names being fictitious, parties
intended being possible tenants or occupants of premises and
corporations, other entities or persons who have, claim, a lien
against, or other interest in the premises,

                            Defendants.

------------------------------------------------------------------------X

       WINDWARD BORA, LLC, as successor in interest to Defendant SMR I, LLC,

(hereinafter as Defendant"), by its counsel, Hasbani & Light, P.C., as and for an Answer to the

Complaint ("Complaint") filed by Plaintiff respectfully alleges and sets forth as follows:

    1.     Defendant denies the allegations set forth in paragraphs 1, 2, 3, 5, 6 , 10 and 11.

    2.     Defendant lacks knowledge or information sufficient to form a belief as to the

validity of the allegations set forth in paragraphs 4, and 9.

    3.     Defendant admits to the allegations set forth in paragraph 7 to the extent that if any

payments were made by Plaintiff or are to be made during the pendency of the action they were

solely for the purpose of protecting its security interest, but denies the remainder of the allegations

set forth in the paragraph.

    4.     Defendant admits to the allegations set forth in paragraphs 8 to the extent that it has

an interest in the property, but denies the remainder of the allegations set forth in the paragraph.

    5.     Defendant denies to the allegations set forth in the WHEREFORE paragraph.

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM   INDEX NO. 56555/2019
NYSCEF DOC. NO. 12   RECEIVED NYSCEF: 05/15/2019

6.     Defendant denies the allegation set forth in the Complaint not otherwise specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

8.     The Plaintiff's claims and causes of action against the Defendant are barred by the doctrines of res judicata, collateral estoppel, judicial estoppel, and judicial admissions.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

10.     The advances made by Plaintiff are uncollectable and cannot be added to the loan pursuant to the Voluntary Payment Doctrine.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

12.     Plaintiff failed to serve Defendant, therefore, the Courts lacks personal jurisdiction over the Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

14.     The Court lacks subject matter jurisdiction over Plaintiff's causes of action.

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM INDEX NO. 56555/2019

NYSCEF DOC. NO. 12                                                    RECEIVED NYSCEF: 05/15/2019

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

16.     The Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

18.     This action is barred by the Statute of Frauds.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

20.     Defendant possesses a defense based on documentary evidence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

21.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

22.     This action is barred by the statute of limitations.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

23.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

24.     The damages complained of, if any there were, were proximately contributed to or caused by the carelessness, negligence or fault of persons other than Defendant, and were not caused in any way by Defendant.

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM
NYSCEF DOC. NO. 12

INDEX NO. 56555/2019

RECEIVED NYSCEF: 05/15/2019

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

25.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

26.     Plaintiff lacks standing to foreclose.  Plaintiff lacks standing to foreclose because it is not the owner of the Note and Mortgage. If Plaintiff is not the owner, it also has not been delegated authority to foreclose on the Mortgage.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

27.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

28.     The claims and causes of action in the Complaint are barred by the doctrines of accord and satisfaction, release, assumption of risk, last clear chance, unjust enrichment and/or unclean hands.

29.     The Defendant has no adequate remedy at law.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

30.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

31.     Accordingly, the Plaintiff's claims and causes of action against the Defendant are barred by the doctrines of waiver, laches and/or ratification.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

32.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

33.     The plaintiff's claims and causes of action against the Defendant are barred by the culpable conduct of the Plaintiff and/or persons acting on Plaintiff's behalf and with their authority

and consent.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

34.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

35.     Plaintiff failed to mitigate its alleged damages in that any damages suffered by the Plaintiff were caused and/or exacerbated solely by Plaintiff's failure to mitigate.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

36.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

37.     The Plaintiff's claims are barred by the parol evidence rule.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

38.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

39.     The Defendant asserts all affirmative defenses available pursuant to CPLR § 3018(b).

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

40.     The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

41.     The Defendant currently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses available. Accordingly, the Defendant reserves the right to assert additional defenses.

## AND AS FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

42.     The Defendant repeats and realleges each and every response in this Answer as if

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM
NYSCEF DOC. NO. 12

INDEX NO. 56555/2019
RECEIVED NYSCEF: 05/15/2019

fully set forth at length herein.

43.    The mortgage that Plaintiff is attempting to foreclose herein has been satisfied.

44.    Plaintiff will be unjustly enriched if it is allowed to foreclose on a mortgage that has previously been satisfied to the detriment of Defendant.

### AND AS FOR A NINETEENTH AFFIRMATIVE DEFENSE

45.    The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

46.    The causes of action alleged in the Complaint are barred by latches.

### AND AS FOR A TWENTIETH AFFIRMATIVE DEFENSE

47.    The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

48.    In the event Plaintiff is successful in this action or in the event that Defendant should not be successful in contesting this action, Defendant hereby makes a claim for any surplus monies that may arise out of any foreclosure sale of the premises described in the complaint, and which is the subject of the above action.

### AND AS FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

49.    The Defendant repeats and realleges each and every response in this Answer as if fully set forth at length herein.

50.    Plaintiff failed to comply with statutory and contractual pre-requisites to commencing foreclosure, including but not limited to RPAPL § 1303 and § 1304.  Plaintiff also failed to comply with NY Banking Laws when its Note and Mortgage were originated.

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM   INDEX NO. 56555/2019
NYSCEF DOC. NO. 12                                      RECEIVED NYSCEF: 05/15/2019

## COUNTERCLAIMS

### FIRST COUNTERCLAIM:

### AMOUNTS DUE ARE BARRED BY THE VOLUNTARY PAYMENT DOCTRINE

51.     Defendant repeats and realleges the allegations in paragraphs "1" through "50" above as fully set forth herein.

52.     Plaintiff will be unjustly enriched if it is permitted to recover advances for taxes and insurance.

53.     Plaintiff alleges in the Complaint that it made payments towards taxes and insurance to protect its security. See Paragraph 7 of the Complaint.

54.     Plaintiff made those advances voluntarily and is now seeking to collect advances at Defendant's expense. See Paragraph 7 of the Complaint.

55.     Not only are those advances barred from being collected pursuant to the Voluntary Payment Doctrine, the advances are barred by the statute of limitations, having been paid more than six years before this action was filed.

56.     Based on the foregoing, this Court should not permit Plaintiff to collect advances made on this Property.

### SECOND COUNTER CLAIMS UNJUST ENRICHMENT

57.     Defendant repeats and realleges the allegations in paragraphs "1" through "56" as fully set forth herein.

58.     Upon information and belief, Defendants JOHN SOTOMAYOR and ALEXANDRIA LOAIZA ("Borrowers") defaulted on the Plaintiff's Note and Mortgage, and a loan modification was offered to the Borrowers by Plaintiff (the "Loan Modification").

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM   INDEX NO. 56555/2019

NYSCEF DOC. NO. 12                                              RECEIVED NYSCEF: 05/15/2019

59.     Upon information and belief, the Loan Modification increased the principal balance of the Plaintiff and gave Plaintiff the opportunity to secure more money than it had prior to the Loan Modification.

60.     Upon information and belief, over the life of the Plaintiff, the Loan Modification will allow it to recover more than it would have under the original Mortgage and Note.

61.     The Loan Modification also gave Plaintiff a greater security interest to the mortgaged premises than what it originally had under the original Mortgage.

62.     This greater security interest in the Property that Plaintiff obtained through the Loan Modification was to the detriment of Defendant.

63.     The Loan Modifications eliminated equity from the Property, reducing Defendant's ability to recover the amounts due under its Note and Mortgage.

64.     Since Plaintiff eliminated the equity from the Property, it has been unjustly enriched.

65.     Plaintiff, by failing to bring its own foreclosure action expeditiously, created an unjustifiable impairment of collateral, thereby materially prejudicing the interests of Defendant.

66.     Plaintiff is being unjustly enriched under the terms of the Loan Modification. Defendant should be declared a secured lien against the Property with priority over the Loan Modifications and the amounts due under it.

### THIRD COUNTERCLAIM SUBORDINATION OF PLAINTIFF'S MORTGAGE

67.     Defendant repeats and realleges all the allegations in paragraphs "1" through "66" as fully set forth herein.

68.     Under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM INDEX NO. 56555/2019
NYSCEF DOC. NO. 12 RECEIVED NYSCEF: 05/15/2019

consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dep't 1996) (citing *Shultis v. Woodstock Land Dev. Assocs.*, 188 AD2d 234, 236-237, 594 NYS 890 (3d Dep't 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 AD 315, 321, 276 NYS 586 (1st Dep't 1934)); *see also In re Whi*te, 514 B.R. 365, 369-370 (E.D.N.Y. 2014) (internal citations omitted) (Senior lien holder will be divested of its priority and junior lien holder will be elevated to a position of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent.").

69.     The Loan Modification created a substantial, material and adverse impairment of Defendant's Note and Mortgage.

70.     The Loan Modification was entered into after the Defendant's Note was delivered by the Borrowers to Defendant's predecessor in interest and the Mortgage was recorded.

71.     Defendant received no written notice or other advisement of the Loan Modification in violation of New York law.

72.     Defendant nor its predecessors in interest ever consented to the Loan Modification.

73.     The actual, substantial and adverse impact on Defendant's Mortgage has caused a changed circumstance between the Plaintiff's Mortgage and the Defendant's Mortgage that requires the Plaintiff's Mortgage to become subordinate to the Defendant's Mortgage.

74.     Therefore, New York law renders the Plaintiff's Mortgage wholly subordinate to the Defendant's Mortgage, and the Defendant's Mortgage becomes the first position mortgage against the mortgaged premises.

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM INDEX NO. 56555/2019
NYSCEF DOC. NO. 12                                      RECEIVED NYSCEF: 05/15/2019

## FOURTH COUNTERCLAIM PARTIAL SUUBORDINATION

75.     Defendant repeats and realleges the allegations in paragraphs 1 through 38 as fully set forth herein.

76.     If it is determined that the unpaid principal balance under the Loan Modifications is greater than the unpaid principal balance under the Plaintiff's Mortgage, then the difference between the Loan Modification and Plaintiff's Mortgage must be made subordinate to Defendant's Mortgage.

77.     The priorities of the Plaintiff's Mortgage, as bifurcated and the Defendant's Mortgage would be: (a) Plaintiff's Mortgage; (b) Defendant's Mortgage; and (c) the amount which equals the Loan Modification principal balance minus the original principal balance of the Plaintiff's Mortgage.

**WHEREFORE,** WINDWARD BORA, LLC demands a judgment (1) dismissing the Complaint in its entirety; (2) granting judgment to WINDWARD BORA, LLC on its first Counterclaim (3) granting judgment to WINDWARD BORA, LLC on its second cause of action of unjust enrichment; (4) granting judgment to WINDWARD BORA, LLC on its third cause of action of subordination of Plaintiff's mortgage; (5) granting judgment to WINDWARD BORA, LLC on its fourth cause of action for partial subordination of Plaintiff's mortgage; (6) awarding

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM   INDEX NO. 56555/2019

NYSCEF DOC. NO. 12                                          RECEIVED NYSCEF: 05/15/2019

WINDWARD BORA, LLC all costs, expenses and disbursements, including, but not limited to, attorney's fees incurred by WINDWARD BORA, LLC in this action, and granting such other and further relief as this Court may deem just, equitable and proper.

Dated: New York, New York
        May 13, 2019

                                        HASBANI & LIGHT, P.C.

                                        /s/Rafi Hasbani_____
                                        BY: Rafi Hasbani, Esq.
                                        Attorneys for Defendant
                                        WINDWARD BORA, LLC
                                        450 Seventh Ave, Suite 1408
                                        New York, NY 10123
                                        646-490-6677

TO:
Gross Polowy
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM   INDEX NO. 56555/2019
NYSCEF DOC. NO. 12                                          RECEIVED NYSCEF: 05/15/2019

## ATTORNEY VERIFICATION

Rafi Hasbani, Esq., being duly admitted to practice before the Courts of the State of New York, affirms as follows:

I am an attorney with the law firm of HASBANI & LIGHT, P.C., the attorneys of record for WINDWARD BORA, LLC, in the within action. I have read the foregoing Answer and Counterclaims, and know the contents therein and that the same is/are true to my knowledge. The basis of my knowledge of the contents of the Answer is based upon copies of documents, files and communications provided by my client. The reason I make this verification instead of the Defendant is because WINDWARD BORA, LLC is outside of the county within which your affirmant's offices are located.

Dated: New York, New York
     May 13, 2019

                               /s/Rafi Hasbani
                               Rafi Hasbani, Esq.

FILED: WESTCHESTER COUNTY CLERK 05/15/2019 04:19 PM INDEX NO. 56555/2019

NYSCEF DOC. NO. 12 RECEIVED NYSCEF: 05/15/2019

**SUPREME COURT**
**STATE OF NEW YORK, COUNTY OF WESTCHESTER**          **INDEX NO.: 56555/19**

---

WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A
CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS
TRUSTEE FOR HILLDALE TRUST,

                                                                        Plaintiff(s),

                              -against-

JOHN SOTOMAYOR, ET AL.

                                                                        Defendant(s).

---

# ANSWER WITH COUNTERCLAIMS

---

**HASBANI & LIGHT, P.C.**

**Attorneys for Defendant(s)**
WINDWARD BORA, LLC
*Office and Post Office Address, Telephone*
**450 Seventh Ave, Suite 1408**
**New York, NY 10123**
**(646) 490-6677**

FILED: WESTCHESTER COUNTY CLERK 05/18/2018 01:37 PM INDEX NO. 70608/2017

NYSCEF DOC. NO. 39                                          RECEIVED NYSCEF: 05/18/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A
CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS
TRUSTEE FOR HILLDALE TRUST

                                   Plaintiff,

                    -against-

JOHN SOTOMAYOR; ALEX LOAIZA, SMR I LLC;
UNITED STATES OF AMERICA O/B/O INTERNAL
REVENUE SERVICE NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE; MIDLAND FUNDING,
LLC; AMERICA EXPRESS CENTURION BANK;
"JOHN DOE" and "JANE DOES" said names being fictitious,
parties intended being possible tenants or occupants of
premises and corporations, other entities or persons who have,
claim, a lien against, or other interest in the premises,

                                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: 610966/17

**ANSWER WITH
COUNTERCLAIMS**

       WINDWARD BORA, LLC, as successor in interest to Defendant SMR I, LLC,

(hereinafter as Defendant"), as and for its answer to Plaintiff's complaint alleges upon

information and belief as follows:

       1.     Defendant denies the allegations set forth in paragraphs 1, 5, 7, 8, 9, 10, 11, 15,

17, 19, 20, 30, and 32.

       2.     Defendant lacks knowledge or information sufficient to form a belief as to the

validity of the allegations set forth in paragraphs 2, 3, 4, 6, 12, 13, 14, 16, 18, 21, 24, 25, 26, 27,

28, 31, 33, 34 and 35.

       3.     Defendant admits to the allegations set forth in paragraphs 23 and 29 to the extent

that Defendant has an interest in the property, but denies the remainder of the allegations set

forth in the paragraph.

FILED: WESTCHESTER COUNTY CLERK 05/18/2018 01:37 PM     INDEX NO. 70608/2017
NYSCEF DOC. NO. 39                                      RECEIVED NYSCEF: 05/18/2018

4.     Defendant denies to the allegations set forth in the WHEREFORE paragraph.

5.     Defendant denies the allegation set forth in the Complaint not otherwise specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

6.     Plaintiff lacks standing to bring this action, because it is not the owner and holder of the note and mortgage.

### SECOND AFFIRMATIVE DEFENSE

7.     The lien and mortgage held by Defendant have priority to Plaintiff's mortgage.

### THIRD AFFIRMATIVE DEFENSE

8.     The mortgage that Plaintiff is attempting to foreclose herein has been satisfied.

### FOURTH AFFIRMATIVE DEFENSE

9.     Plaintiff will be unjustly enriched if it is allowed to foreclose on a mortgage that has previously been satisfied.

### FIFTH AFFIRMATIVE DEFENSE

10.    Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

11.    WINDWARD BORA, LLC, alleges that it has a defense founded upon documentary evidence.

### SEVENTH AFFIRMATIVE DEFENSE

12.    The claims of Plaintiffs are barred by the expiration of the statute of limitations.

FILED: WESTCHESTER COUNTY CLERK 05/18/2018 01:37 PM          INDEX NO. 70608/2017
NYSCEF DOC. NO. 39                                          RECEIVED NYSCEF: 05/18/2018

**EIGHTH AFFIRMATIVE DFEENSE**

13.    Any damages sustained by Plaintiff, the same were the proximate result of the Plaintiff's own culpable conduct.

**NINTH AFFIRMATIVE DEFENSE**

14.    Plaintiff failed to mitigate its damages.

**TENTH AFFIRMATIVE DEFENSE**

15.    The causes of action alleged in the Complaint are barred by latches.

**ELEVENTH AFFIRMATIVE DEFENSE**

16.    In the event Plaintiff is successful in this action or that Defendant should not be successful in contesting this action, Defendant hereby makes a claim for any surplus monies that may arise out of any foreclosure sale of the premises described in the complaint, and which is the subject of the above action.

**TWELFTH AFFIRMATIVE DEFENSE**

17.    Plaintiff fails to assert any factual basis for any of the purported causes of action set forth in the Complaint.

**THIRTEEN AFFIRMATIVE DEFENSE**

18.    Plaintiff failed to obtain a subordination from Defendant prior to modifying the loan.

**FOURTEENTH AFFIRMTIVE DEFENSE**

19.    Plaintiff failed to comply with RPAPL § 1304 and RPAPL § 1306.

**FIFTEENTH AFFIRMATIVE DEFENSE**

20.    Additional defense may be found upon documentary evidence.

FILED: WESTCHESTER COUNTY CLERK 05/18/2018 01:37 PM          INDEX NO. 70608/2017

NYSCEF DOC. NO. 39                                            RECEIVED NYSCEF: 05/18/2018

## SIXTEENTH AFFIRMATIVE DEFENSE

21.    WINDWARD BORAL, LLC cured its default by appearing at settlement conference on May 17, 2018 and filed its answer within thirty (30) days of the appearance pursuant to CPLR § 3408 (m).

## SEVENTEENTH AFFIRMATIVE DEFENSE

22.    WINDWARD BORA, LLC expressly reserve the right to raise and assert any additional available defenses as the facts may be revealed through discovery.

## COUNTERCLAIMS

## FIRST COUNTER CLAIMS UNJUST ENRICHMENT

23.    WINDWARD BORA, LLC repeats and realleges the allegations in paragraphs 1 through 22 as fully set forth herein.

24.    Upon information and belief, Defendant JOHN SOTOMAYOR ("Borrower") defaulted on the Plaintiff's Note and Mortgage, and a loan modification was offered to the Borrower by Plaintiff (the "Loan Modification").

25.    Upon information and belief, the Loan Modification increased the principal balance of the Plaintiff and gave Plaintiff the opportunity to secure more money than it had prior to the Loan Modification.

26.    Upon information and belief, over the life of the Plaintiff, the Loan Modification will allow it to recover more than it would have under the original Mortgage and Note.

27.    The Loan Modification also gave Plaintiff a greater security interest to the mortgaged premises than what it originally had under the original Mortgage.

FILED: WESTCHESTER COUNTY CLERK 05/18/2018 01:37 PM   INDEX NO. 70608/2017
NYSCEF DOC. NO. 39                                                    RECEIVED NYSCEF: 05/18/2018

28.     This greater security interest in the Property that Plaintiff obtained through the Loan Modification was to the detriment of WINDWARD BORA, LLC.

29.     The Loan Modifications eliminated equity from the Property, reducing WINDWARD BORA, LLC's ability to recover the amounts due under its Note and Mortgage.

30.     Since Plaintiff eliminated the equity from the Property, it has been unjustly enriched.

31.     Plaintiff, by failing to bring its own foreclosure action expeditiously, created an unjustifiable impairment of collateral, thereby materially prejudicing the interests of WINDWARD BORA, LLC.

32.     Plaintiff is being unjustly enriched under the terms of the Loan Modification. WINDWARD BORA, LLC should be declared a secured lien against the Property with priority over the Loan Modifications and the amounts due under it.

### SECOND COUNTERCLAIM SUBORDINATION OF PLAINTIFF'S MORTGAGE

33.     WINDWARD BORA, LLC repeats and realleges all the allegations in paragraphs 1 through 32 as fully set forth herein.

34.     Under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dep't 1996) (citing *Shultis v. Woodstock Land Dev. Assocs.*, 188 AD2d 234, 236-237, 594 NYS 890 (3d Dep't 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 AD 315, 321, 276 NYS 586 (1st Dep't 1934)); *see also In re White*, 514 B.R. 365, 369-370 (E.D.N.Y. 2014) (internal citations omitted) (Senior lien holder will be divested of its priority and junior lien holder will be

FILED: WESTCHESTER COUNTY CLERK 05/18/2018 01:37 PM    INDEX NO. 70608/2017
NYSCEF DOC. NO. 39                                      RECEIVED NYSCEF: 05/18/2018

elevated to a position of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent.").

35.      The Loan Modification created a substantial, material and adverse impairment of WINDWARD BORA, LLC's Note and Mortgage.

36.      The Loan Modification was entered into after the WINDWARD BORA, LLC's Note was delivered by the Borrowers to WINDWARD BORA, LLC's predecessor in interest and the Mortgage was recorded.

37.      WINDWARD BORA, LLC received no written notice or other advisement of the Loan Modification in violation of New York law.

38.      WINDWARD BORA, LLC nor its predecessors in interest ever consented to the Loan Modification.

39.      The actual, substantial and adverse impact on WINDWARD BORA, LLC Mortgage has caused a changed circumstance between the Plaintiff's Mortgage and the WINDWARD BORA, LLC's Mortgage that requires the Plaintiff's Mortgage to become subordinate to the WINDWARD BORA, LLC's Mortgage.

40.      Therefore, New York law renders the Plaintiff's Mortgage wholly subordinate to the WINDWARD BORA, LLC's Mortgage, and the WINDWARD BORA, LLC's Mortgage becomes the first position mortgage against the mortgaged premises

### THIRD COUNTERCLAIM PARTIAL SUUBORDINATION

41.      WINDWARD BORA, LLC repeats and realleges the allegations in paragraphs 1 through 40 as fully set forth herein.

42.      If it is determined that the unpaid principal balance under the Loan Modifications is greater than the unpaid principal balance under the Plaintiff's Mortgage, then the difference

FILED: WESTCHESTER COUNTY CLERK 05/18/2018 01:37 PM    INDEX NO. 70608/2017

NYSCEF DOC. NO. 39                                     RECEIVED NYSCEF: 05/18/2018

between the Loan Modification and Plaintiff's Mortgage must be made subordinate to WINDWARD BORA, LLC's Mortgage.

43.    The priorities of the Plaintiff's Mortgage, as bifurcated and the WINDWARD BORA, LLC's Mortgage would be: (a) Plaintiff's Mortgage; (b) Defendant's Mortgage; and (c) the amount which equals the Loan Modification principal balance minus the original principal balance of the Plaintiff's Mortgage.

**WHEREFORE**, WINDWARD BORA, LLC demands a judgment (1) dismissing the Complaint in its entirety; (2) granting judgment to WINDWARD BORA, LLC on its first cause of action of unjust enrichment; (3) granting judgment to WINDWARD BORA, LLC on its second cause of action of subordination of Plaintiff's mortgage; (3) granting judgment to WINDWARD BORA, LLC on its third cause of action for partial subordination of Plaintiff's mortgage; (4) awarding WINDWARD BORA, LLC all costs, expenses and disbursements, including, but not limited to, attorney's fees incurred by WINDWARD BORA, LLC in this action, and granting such other and further relief as this Court may deem just, equitable and proper.

Dated: New York, New York
       May 18, 2018

                                        HASBANI & LIGHT, P.C.

                                        /s/Rafi Hasbani
                                        BY: Rafi Hasbani, Esq.
                                        Attorneys for Defendant
                                        WINDWARD BORA, LLC
                                        450 Seventh Ave, Suite 1408
                                        New York, NY 10123
                                        646-490-6677

FILED: WESTCHESTER COUNTY CLERK 05/18/2018 01:37 PM    INDEX NO. 70608/2017
NYSCEF DOC. NO. 39                                       RECEIVED NYSCEF: 05/18/2018

To:

Friedman Vartolo, LLP
85 Broad Street, Suite 501
New York, NY 10004

FILED: WESTCHESTER COUNTY CLERK 05/18/2018 01:37 PM        INDEX NO. 70608/2017
NYSCEF DOC. NO. 39                                    RECEIVED NYSCEF: 05/18/2018

## ATTORNEY VERIFICATION

Rafi Hasbani, Esq., being duly admitted to practice before the Courts of the State of New York, affirms as follows:

I am an attorney with the law firm of HASBANI & LIGHT, P.C., the attorneys of record for WINDWARD BORA, LLC, in the within action. I have read the foregoing Answer and know the contents therein and that the same is/are true to my knowledge. The basis of my knowledge of the contents of the Answer is based upon copies of documents, files and communications provided by my client. The reason I make this verification instead of the Defendant is because WINDWARD BORA, LLC is outside of the county within which your affirmant's offices are located.

Dated: New York, New York
May 18, 2018

/s/Rafi Hasbani
Rafi Hasbani, Esq.

FILED: WESTCHESTER COUNTY CLERK 05/18/2018 01:37 PM          INDEX NO. 70608/2017
NYSCEF DOC. NO. 39                                  RECEIVED NYSCEF: 05/18/2018

SUPREME COURT
STATE OF NEW YORK, COUNTY OF WESTCHESTER          INDEX NO.: 70608/17

WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A
CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS
TRUSTEE FOR HILLDALE TRUST,

                                                        Plaintiff(s),

                        -against-

JOHN SOTOMAYOR, ET AL.

                                                        Defendant(s).

# ANSWER WITH COUNTERCLAIMS

**HASBANI & LIGHT, P.C.**

**Attorneys for Defendant(s)**
WINDWARD BORA, LLC
*Office and Post Office Address, Telephone*
450 Seventh Ave, Suite 1408
New York, NY 10123
(646) 490-6677

# UNITED STATES POSTAL SERVICE ®

## PRIORITY MAIL ®

USPS TRACKING NUMBER

9505 5124 5371 9177 1353 07

EXPECTED DELIVERY DAY: 06/27/19





USPS.COM/PICKUP

To schedule free Package Pickup, scan the QR code.

## PRIORITY ★ MAIL ★

UNITED STATES POSTAL SERVICE ®
VISIT US AT USPS.COM ®
ORDER FREE SUPPLIES ONLINE

FROM: So+omayor
235 a Maple Ave
10567

TO: Pro Se Intake Unit
thurgood Marshall Courthouse
Rm 105
40 foley Square
NY NY
10007



Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments.