A

**Wells Fargo Bank, N.A.**

**NOTE DATE:**
**MATURITY DATE:**
**ACCOUNT#:**
**REFERENCE #:**



## FIXED RATE LOAN NOTE
### (Partially Amortizing Payments -- Balloon)

**Borrower Name:**
**JOHN SOTOMAYOR**

**Property Address:**
**2359 MAPLE AVE, CORTLANDT MANOR, NEW YORK 10567**

**Mailing Address for billing purposes (if different):**
**N/A**

### SECTION 1:  MY LOAN

In this Note, the words, "I," "me," "my," and "Borrower" (which also means "we," "us," "our," and "Borrowers," if more than one borrower signs below) refer to each person who signs this Note.  The words "you," "your," "Lender," and "the Bank" refer to Wells Fargo Bank, N.A., and any successor or assign or subsequent holder of this Note. Each person who signs this Note is jointly and individually bound by its terms and will be directly liable to the Bank for the entire amount owed on this Note, and each is liable as the principal and not merely as a guarantor.

If I make the regularly scheduled payments on this Loan, I will still owe a large sum at maturity.  This Loan is payable in full at maturity.  I must repay the entire Principal balance of the Loan and unpaid interest then due.  The Bank is under no obligation to refinance the Loan at that time.  I will, therefore, be required to make payment out of other assets that I may own, or I will have to find a lender, which may be the lender I have this Loan with, willing to lend me the money.  If I refinance this Loan at maturity, I may have to pay some or all of the closing costs normally associated with a new loan even if I obtain refinancing from the same lender.

### SECTION 2:  SECURITY INTEREST

I am giving the Bank a deed of trust, mortgage or other security instrument including all modifications, addenda and amendments to them (the "Security Instrument") signed the same date as this Note.  The Security Instrument gives you a security interest in the property located at the address shown above (the "Property").

### SECTION 3:  MY PROMISE TO PAY



In return for a loan that I have received (the "Loan"), I promise to pay **$104,375.00**  (this   amount   is   called "Principal"), plus interest, to the order of the Bank.  I understand that the Bank may transfer this Note.  I will make all payments under this Note in U.S. Dollars.

## PAYMENTS
I will pay monthly payments of Principal and interest on the 5TH day of each month beginning on 03-05-2007. My monthly payment will be in the amount of U.S. $881.64.

On 02-05-2022, I will pay a final balloon payment equal to the unpaid Principal plus all remaining interest, fees and other sums owed under this Note and the Security Instrument.  I understand that the Bank is not under any obligation to refinance my final balloon payment.

I will make payments at the Bank's address indicated on my payment coupon or my billing statement, unless another payment method is authorized by the Bank.  Each non-electronic payment I make will be accompanied by the remittance portion of my billing statement or payment coupon.

I understand that payments I make by mail to the address indicated on my billing statement or payment coupon will be credited to my Loan as of the date received (including Saturdays, Sundays, and holidays) if the Bank receives the payment prior to 5 p.m. local time for the payment address.

Payments I make from a qualified account ("Automatic Payments") pursuant to an Authorization for Automatic Transfer will be credited to my Loan on the date received (including Saturdays, Sundays, and holidays).

Payments I make at a Bank branch and received prior to established cut-off times will be credited to my Loan on the business day the payment is received by the Bank.  For purposes of this rule, a business day includes any day other than Saturdays, Sundays, and Bank observed holidays.  Payments made at a Bank branch received on a Saturday, Sunday, or Bank observed holiday or after established cut-off times will be credited as of the next business day.

Payments I make online, by ATM, by telephone, or by any other means the Bank may make available to me and received prior to established cut-off times will be credited to my Loan on the business day the payment is received by the Bank.  For purposes of this rule, a business day includes any day other than Saturdays, Sundays, and federal holidays.  Payments made online, by ATM, by telephone, or by any other means the Bank may make available to me received on a Saturday, Sunday, or federal holiday or after established cut-off times will be credited as of the next business day.

I will not make payment or authorize others to make payment for me by means of a single aggregated payment, which includes payments for this Loan and any other account(s), unless the payment is made in compliance with the Bank's requirements for multiple account payments.

The Bank may accept late payments, partial payments, post-dated checks, or any form of payment containing a restrictive endorsement, without losing any of the Bank's rights under this Note.  The Bank's acceptance of checks or money orders labeled "payment in full," or words to that effect, will not constitute an accord and satisfaction nor a waiver of any rights the Bank has to receive full payment.  If I intend to condition a payment, pay the Loan in full with less than the total amount owed, or give payment instructions, I will clearly set out such intention, conditions and instructions in a separate letter accompanying my payment, and mail both to Wells Fargo Bank, N.A., P.O. Box 2993, Portland, OR 97208.

## PRINCIPAL PAYMENTS BEFORE THEY ARE DUE
I have the right to make payments of Principal at any time before they are due.  A payment of Principal only is known as a "Principal Reduction."  When I make a Principal Reduction, I will tell the Bank in a letter that I am doing so.  A Principal Reduction resulting in payoff prior to the maturity of this Note may result in the assessment of a prepayment fee or an origination fee (collection deferred).



## SECTION 4:  INTEREST

I will pay interest at a simple annual interest rate of **9.500%**.  Interest will be charged on the unpaid Principal until the full amount of Principal has been paid.  The interest rate required by this Section 4 is the rate I will pay both before and after any default under this Note.

## SECTION 5:  AUTOMATIC PAYMENT DISCOUNT

The Automatic Payment discount is not available for this Loan.

## SECTION 6:  ORIGINATION FEE

N/A

## SECTION 7:  CLOSING COSTS

In addition to the fees and charges set forth in this Note, I agree to pay the closing costs set forth in the HUD Settlement Statement (if any) at the settlement of my Loan.

## SECTION 8:  FEES, COSTS AND CHARGES

I agree to pay the following non-refundable fees and charges.

**LATE CHARGES**
If my scheduled payment is more than ten (10) days past due, I will pay a late charge equal to the greater of five dollars ($5.00) or five percent (5%) of the scheduled payment.

**PREPAYMENT FEE**
I agree to pay a prepayment fee of $500.00.  I agree to pay the prepayment fee if I prepay this Note in full at any time within the first three (3) years after the date of this Note.  I do not have to pay the prepayment fee if I prepay my Loan in full because of default due to non-payment, casualty loss, or if I refinance my Loan with you or your affiliate.

## SECTION 9:  OTHER CHARGES

To the extent allowed by law, I agree to pay the following fees if I request or authorize these additional services:

(a) **Fax Fee**:  I agree to pay a fax fee in the amount of ten dollars ($10.00) if I request or authorize others to request the Bank to transmit any document or letter by facsimile (fax) machine.
(b) **Research/Photocopy Fee**:  I agree to pay a research/photocopy fee in the amount of five dollars ($5.00) per photocopy if I request or authorize others to request the Bank to provide photocopies of Loan documents.
(c) **Reconveyance or Satisfaction Fee**:  I agree to pay reconveyance and satisfaction fees as allowed by applicable law when the Bank reconveys/discharges/releases the Security Instrument.
(d) **Return Check Fee**:  I agree to pay a return check fee of twenty-five dollars ($25.00) if I make a payment with a check that is dishonored for any reason.

I also agree to pay any other reasonable fees the Bank may charge.

## SECTION 10:  COLLECTION COSTS AND ATTORNEY'S FEES

If I am in default, I agree to pay the Bank's collection costs, attorneys' fees and other expenses of enforcing the Bank's rights under this Note and the Security Instrument unless prohibited by applicable law.

FRN Multi-state, HCWF#144v19 (01/20/06)



Documents Processed 01-16-2007, 09:21:21

## SECTION 11:  TAX DEDUCTIBILITY

I understand that I should consult a tax advisor regarding the deductibility of interest and charges under my Loan.

## SECTION 12:  DEFAULT

I will be in default if any one of the following occur:

- I fail to pay the full amount of any payment when due.
- I commit fraud or make a material misrepresentation in connection with this Note.
- A case under the U.S. Bankruptcy Code is started by or against me.
- Any action or inaction by me adversely affects the Bank's security in the Property, including, without limitation, transfer of the Property without the Bank's consent.
- The Bank believes in good faith that I may not be able or willing to pay as promised.
- Any person who has signed this Note dies.
- If I am an executive officer of the Bank and federal law governing credit extended by a bank to its executive officer, including without limitation Section 215.5(d)(4) of Federal Reserve Regulation O (12 CFR § 215.5(d)(4)), permits or requires immediate payment of all outstanding Principal, interest and any other charges that I may owe under this Note.

If I am in default, subject to any notice and right to cure required by applicable law, the Bank may require me to pay immediately all sums I owe under this Note.  Even if, at the time when I am in default, the Bank does not require me to pay immediately in full as described above, the Bank will still have the right to do so if I am in default at a later time.

## SECTION 13:  FURTHER ASSURANCES

I agree that I will take any steps including but not limited to signing, filing or recording any documents which are necessary, or which the Bank deems appropriate, to be sure that my obligations to the Bank under this Note become and continue to be secured by the Security Instrument.

## SECTION 14:  CHANGE IN RESIDENCE OR OWNERSHIP OF THE PROPERTY

I agree to notify the Bank immediately if (a) the Property is my primary residence and I cease to live in the Property as my primary residence, or (b) there is any change in the ownership of the Property.  I agree that my Loan will be accelerated and the outstanding balance of my Loan will be due and payable immediately on any sale or other transfer of the Property.  In this regard, I understand that the Security Instrument contains the following or a substantially similar provision:

> If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

> If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 13 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

## SECTION 15:  WAIVERS



**BORROWER'S WAIVERS**

I waive my rights to require the Bank to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Bank if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, waives these rights. These persons are known as "guarantors, sureties and endorsers."

**BANK'S NON-WAIVER**

The Bank may fail to make use of any of its rights under this Note or the Security Instrument or under applicable law on one or more occasions, or delay or partially exercise such rights, without waiving any of its rights or amending any of my obligations. The Bank may fail to make use of any of its rights or delay or partially exercise such rights against one party, without waiving any of its rights against any other party to this Note.

## SECTION 16: CREDIT REPORTS

My signature on this Note authorizes the Bank to obtain my credit report in connection with (a) renewing, modifying or extending this Note; (b) reviewing my Loan; (c) taking any collection action; and (d) any other legitimate purposes associated with my Loan.

## SECTION 17: GOVERNING LAW; SEVERABILITY

All interest, fees and other amounts charged or accruing in connection with this Note, which are considered "interest" within the meaning of Section 85 of the National Bank Act (12 USC § 85; 12 CFR 7.4001(a)), shall be governed by and interpreted under South Dakota law. In all other respects, this Note and all related documents, as well as the rights, remedies, and duties of the Bank and the Borrower(s), shall be governed and interpreted by federal law with respect to national banks and to the extent not preempted by federal law, the laws of the state in which the Property is located.

If any provision of this Note or the Security Instrument is determined to be invalid or unenforceable by a court of competent jurisdiction, the rest of this Note will remain in full force and effect and enforceable according to its terms. All references in this Note to the singular shall include the plural and vice versa.

## SECTION 18: NOTICES

Unless applicable law requires a different method, any notice that must be given to me or to anyone else who signs, guarantees or endorses this Note may be given by mailing it to my address as set forth above in this Note, or to a different address if I have properly notified the Bank of that different address. Any notice that I may send to the Bank must be given by mailing it to the Bank at the address provided on my billing statement or payment coupon, unless the type of notice is more specifically addressed in this Note and a different address is provided herein.

I agree that the Bank may contact me by telephone. I agree to accept calls from the Bank at any telephone number that I provide to the Bank.

## SECTION 19: ADDENDA

I agree to the following attached addenda:

N/A

## SECTION 20: STATE DISCLOSURES

N/A

**NOTICE TO THE BORROWER:**
DO NOT SIGN THIS NOTE IF IT CONTAINS BLANK SPACES.   ALL SPACES SHOULD BE COMPLETED BEFORE THIS NOTE IS SIGNED.  READ THIS NOTE BEFORE SIGNING IT.

**ACKNOWLEDGMENT**

I have received, read and retained a copy of this Fixed Rate Loan Note, the Security Instrument and the Truth-in-Lending Disclosure Statement, provided to me at the closing, all of which I agree to by signing this Fixed Rate Loan Note.  If this Loan is secured by a dwelling, I have also received, read and retained a copy of the Agreement to Provide Insurance and the HUD Settlement Statement provided to me at the closing.  In addition, I hereby agree that the terms of this Fixed Rate Loan Note replace the terms of any and all prior oral or written agreements, including by way of example only, commitment letters and pre-approval letters between the Bank and me.

_____ (Seal)          1/19/07
BORROWER                                                    DATE SIGNED
**JOHN SOTOMAYOR**

_____ (Seal)          _____
BORROWER                                                    DATE SIGNED

_____ (Seal)          _____
BORROWER                                                    DATE SIGNED

_____ (Seal)          _____
BORROWER                                                    DATE SIGNED

_____ (Seal)          _____
BORROWER                                                    DATE SIGNED

_____ (Seal)          _____
BORROWER                                                    DATE SIGNED

_____ (Seal)          _____
BORROWER                                                    DATE SIGNED

_____ (Seal)          _____
BORROWER                                                    DATE SIGNED

## Allonge for the Purpose of Note Endorsement

Wells Fargo Loan Number: ███████████
Original Loan Amount:      $104,375.00
Note Date:                 01/19/2007
Borrower:                  JOHN SOTOMAYOR AND ALEXANDRA LOAIZA
Property address:          2359 MAPLE AVE
                           CORTLANDT MANOR, NY 10567

---

# WITHOUT RECOURSE, PAY TO THE ORDER OF:

American Servicing and Recovery Group


WELLS FARGO BANK, N.A.

By: *Danielle Savaria*

**Danielle Savaria**
**V.P. - Loan Documentation**


DBIAS ███████ other/ALLONGE_DBIAS

NTC Tracking Number : DBI-█████

*11841993*

# ALLONGE TO PROMISSORY NOTE

**American Servicing and Recovery Group, LLC loan #:** DBI-█████

**Borrower:** SOTOMAYOR, JOHN

**Property Address:** 2359 MAPLE AVE
CORTLANDT MANOR, NY 10567

**Dated:** 1/19/2007

**Amount of:** $104375

**Pay to the order of:** Partners for Payment Relief DE II, LLC

**Without Recourse**
AMERICAN SERVICING AND RECOVERY GROUP, LLC

By: _William Buchanan_

William Buchanan, Vice President

STATE OF TEXAS

COUNTY OF DALLAS

On this, the 30th day of July, 2012, before me, the Undersigned, a Notary Public for the said County and State, this instrument was acknowledged before me.

Notary Public

Printed Name

Kelly Tooker
Notary Public
STATE OF TEXAS
Commission Expires 06-18-2016

My Commission expires: _____

12010000109
Name: SOTOMAYOR
Customer: WMDA
Location: KASOTA
Pool: ASRG12010-WARE
11

# Allonge for the Purpose of Note Endorsement

To be attached to, and made part of the original note

Loan Number: ████████████

Original Loan Amount: $104,375.00

Borrower Name: JOHN SOTOMAYOR

Property Address:  2359 MAPLE AVE, CORTLANDT MANOR, NY 10567

WITHOUT RECOURSE, PAY TO THE ORDER OF:

SMRI, LLC

**Partners for Payment Relief DEII, LLC**

By: _John Sweeney_
  Name: John Sweeney
  Title: Vice President

# Allonge for the Purpose of Note Endorsement

To be attached to, and made part of the original note

Loan Number: ███████████

Original Loan Amount: $104,375.00

Borrower Name:  JOHN SOTOMAYOR

Property Address: 2359 MAPLE AVE, CORTLANDT MANOR, NY 10567

WITHOUT RECOURSE, PAY TO THE ORDER OF:

Windward Bora LLC

**SMR III, LLC**

By:___V. Varrasse___

  Name: Victoria Varrasse, Esq.
  Title: President