UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WINDWARD BORA, LLC,                                Case No.: 7:19-cv-04503-CS

                            Plaintiff,

                -against -

JOHN SOTOMAYOR; ALEXANDRIA LOAIZA;
AMERICAN EXPRESS CENTURION BANK;
MIDLAND FUNDING LLC D/B/A IN NEW YORK
AS MIDLAND FUNDING OF DELAWARE LLC;
NEW YORK STATE TAX COMMISSION,

                            Defendants.

------------------------------------------------------------------X

## DEFAULT JUDGMENT OF FORECLOSURE AND SALE

On the Complaint duly filed in this action on May 16, 2019, the Notice of Pendency of Action filed with the Westchester County Clerk, and all papers filed in and proceedings had thereon, and on reading and filing the Declaration in Support of Plaintiff's Motion of Seth D. Weinberg, Esq., counsel for Plaintiff, dated August 20, 2020, from which it appears that each of the named defendants herein have been duly served with the Summons and Complaint in this action, or have voluntarily appeared personally or by their respective attorneys, or are not indispensable parties to this action, and stating that more than the legally required number of days had elapsed since said defendants were served and/or appeared; and that ~~none~~ certain of the defendants had served any answer to said Complaint, nor had their time to do so been extended; and that the Notice of Pendency containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of Westchester and has not been amended to add new parties or to embrace real property not described in the Complaint,

And, on reading and filing the Affidavit of Yonel Devico, with exhibits annexed thereto, it appears that the sum due to Plaintiff for unpaid principal, interest, and pre acceleration late fees is $100,974.32 through June 10, 2013, and that the Premises should be sold as one parcel, and on reading and filing the Motion of Windward Bora, LLC ("Plaintiff"), the Declaration of Seth D. Weinberg, Esq. with exhibits;

Now, upon proof of due notice of this application upon all parties who have not waived the same, and this matter having regularly come on to be heard, and there being no opposition thereto,

**ON MOTION** of Hasbani & Light, P.C., attorneys for Plaintiff, it is

**ORDERED,** that Plaintiff's motion is granted *in part;* and it is further

**ORDERED,** that a default judgment is issued in favor of Plaintiff and against defendants ~~Alexandria Loaiza~~, American Express Centurion Bank, and Midland Funding d/b/a in New York as Midland Funding of Delaware LLC; and it is further

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises, commonly known as 2359 Maple Avenue, Cortlandt Manor, New York 10567 and identified on the Westchester County Tax Map as Section: 45.10 Block: 3 Lot: 5 and more particularly described in Schedule "A" annexed hereto (the "Premises") be sold, in one parcel, at public auction in the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Room ___, White Plains, New York 10601 on any day of the week the courthouse is open at a time selected by the Referee, by and under the direction of Special Master _____ or U.S. Magistrate Judge Hon. _____ who is hereby appointed Referee for that purpose (hereinafter "Referee"), that the said Referee set the date of sale and give public notice of the time

and place of such sale in accordance with New York Real Property Actions and Proceedings Law ("RPAPL") § 231 in the _____ published in Westchester County, New York; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall present government-issued photo identification to the Referee, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten (10%) percent of the sum bid and shall execute Referee's Terms of Sale for the purchase of the Premises, unless such successful bidder is Plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Premises, the Premises shall thereafter immediately, on the same day, be re-offered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee at or at such other location as the Referee shall determine within thirty (30) days, unless otherwise stipulated by Plaintiff, the Referee, and the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee deposit all funds received pursuant to this Judgment in his own name as Referee for the benefit of this action with the Clerk of this Court, which proceeds of sale may be withdrawn on his own order in connection with the closing of title pursuant to this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee on receiving the

proceeds of such sale shall forthwith pay therefrom:

FIRST: The statutory fees and commissions of said Referee, if any. In the event a scheduled sale is adjourned, cancelled, or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment, cancellation, or postponement, unless the Referee has requested the adjournment, cancellation, or postponement, should the Referee be entitled to such compensation. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Judgment shall constitute the necessary prior authorization for compensation as set forth herein.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the Premises by a municipal agency which have priority over the foreclosed mortgage, which are liens on the Premises at the time of sale with such penalties which may have lawfully accrued thereon to the date of payment.

FOURTH: Said Referee shall then pay to Plaintiff or to Plaintiff's attorneys the sum of $165,191.18, the said amount so reported due as aforesaid, together with interest thereon from January 15, 2020, the date the interest was calculated to in said Report at the Note rate, to the date of entry of this Judgment, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the Premises will pay of the same, together with any advances as provided for in the instrument which Plaintiff may have made for taxes, insurance, principal and interest and any other charges

due to prior mortgages or to inspect, repair, appraise and/or maintain the Premises pending the consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the Note and Mortgage, as above provided, and copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL § 1355; and it is further

**ORDERED, ADJUDGED AND DECREED** that in case Plaintiff be the purchaser of said mortgaged Premises at said sale, said Referee shall not require Plaintiff or Plaintiff's assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff or to Plaintiff's assignee a Deed of the Premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments for Referee for compensation and expenses, taxes, assessments, sewer rates, water rates, and priority liens of a municipal agency, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified above in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, then Plaintiff shall pay to said Referee, upon delivery to Plaintiff of said Referee's Deed, the amount of such surplus, which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the Premises, pursuant to RPAPL § 1345(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments

as herein provided shall be deposited into Court in accordance with RPAPL § 1345(4) and the Referee shall give notice of such surplus to the owner of the mortgaged Premises as identified by Plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee take the receipt of Plaintiff or Plaintiffs attorney for the amounts paid as herein before directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Clerk of this Court within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set further herein, to the credit of this action, to be withdrawn only on the order of the Court, signed by a judge of the Court; that the said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of this Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, or within thirty days of the decision of the Court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, Plaintiff may recover of defendant John Sotomayor the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the debt remaining unsatisfied after the sale of the mortgaged Premises and the application of proceeds thereof, provided a motion for deficiency judgment shall be made as prescribed by RPAPL § 1371 within ninety (90) days of the delivery of the Deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is

further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at such sale be let into possession of the Premises on production of the Referee's Deed or Deeds; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged Premises and each of every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Premises to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to:

- any state of facts that an inspection of the Premises would disclose;
- any state of facts that an accurate survey of the Premises would disclose;
- sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
- covenants, reservations, restrictions, easements, declarations, rights of way and public utility agreements of record, if any;
- any building and zoning ordinances of the municipality in which the mortgaged Premises is located and any violations of same;
- any and all rights of tenants, or persons in possession of the Premises other than tenants, or any portion thereof;
- any equity of redemption of the United States of America to redeem the Premises

or any portion thereof within one hundred twenty (120) days from date of sale; and

- prior lien(s) of record to the mortgage being foreclosed, if any, except those liens addressed in RPAPL § 1354;

and it is further

**ORDERED,** that in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED,** that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of filing of the Notice of Pendency, any tenants or occupants named in this action, and any other party entitled to notice.

The description of the Premises encumbered by the mortgage being foreclosed is annexed hereto as Schedule "A".

E N T E R :

*Cathy Seibel*  10/5/20

Honorable Cathy Seibel
United States District Court
Southern District of New York

8

EXHIBIT

## SCHEDULE A DESCRIPTION

Title Number AAW06-2257                                                                 Page   1

ALL that certain plot, piece or parcel of land situate, lying, and being in the Town of Cortlandt, County of Westchester, and State of New York, being bounded and described as follows:

BEGINNING at a point on the southerly side of Maple Avenue, North 59 degrees 33' 30" West 291.78 feet, North 51 degrees 21' 20" West 78.31 feet, and North 47 degrees 46' 40" West 39.11 feet from a point on the southerly side of Maple Avenue where the same is intersected by the westerly line of lands shown on map of "Dickerson Mountain Est.," filed in the Westchester County Clerk's Office, Division of Land Records, as Map No. 3763;

RUNNING THENCE from said point along lands now or formerly of Paul and Paulette Rosenzweig the following courses and distances: South 54 degrees 54' 30" West 41.59 feet; South 53 degrees 36' 00" West 48.70 feet, South 15 degrees 53' 30" West 36.78 feet, South 21 degrees 39' 20" East 44.36 feet, South 06 degrees 30' 00" West 51.08 feet, and South 08 degrees 35' 40" East 101.58 feet to a point;

THENCE continuing along lands of Rosenzweig North 66 degrees 56' 00" West 110.00 feet to a point on the easterly side of Furnace Dock Road;

RUNNING THENCE along the easterly side of Furnace Dock Road the following courses and distances: North 23 degrees 09' 30" East 22.49 feet, North 15 degrees 08' 00" East 38.27 feet, North 02 degrees 49' 00" West 18.53 feet, North 22 degrees 52' 40" West 76.31 feet, North 23 degrees 11' 30" West 51.47 feet, North 21 degrees 51' 30" West 34.00 feet, North 07 degrees 50' 10" West 121.33 feet, North 49 degrees 01' 30" East 22.97 feet, and South 78 degrees 57' 00" East 12.26 feet to a point on the southerly side of Maple Avenue;

THENCE running along the southerly side of Maple Avenue the following courses and distances: South 52 degrees 49' 00" East 19.87 feet, South 56 degrees 44' 20" East 100.17 feet, South 62 degrees 48' 00" East 62.34 feet, and South 54 degrees 35' 50" East 43.60 feet to the point or place of BEGINNING.